IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IGOR BELYAKOV                            :

                                         :

            v.                           :    Civil Action No. DKC 13-3656

                                         :

HENRY M. JACKSON FOUNDATION              :

                                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is a motion to dismiss filed by Defendant Henry M. Jackson Foundation. (ECF No. 15). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be denied.

**I.   Background[1]**

   **A.   Factual Background**

Plaintiff Igor Belyakov alleges that he is 53 years old, and a United States citizen of Russian origin. (ECF No. 4 ¶¶ 4, 10). From 1996 until 2006, Plaintiff worked at the National Institutes of Health ("NIH"), which is part of the United States Department of Health and Human Services ("DHHS"). (*Id.* ¶ 7; ECF No. 4-3). Between 2004 and 2010, Plaintiff filed three Equal

---

[1] The following facts are either set forth in the amended complaint, evidenced by documents referenced or relied upon in the complaint, or are matters of public record of which the court may take judicial notice.

Employment Opportunity Commission ("EEOC") charges against DHHS. (ECF No. 4 ¶ 8). Plaintiff's employment with NIH as a staff scientist ended on November 17, 2006. (*Id.* ¶ 7). According to the complaint, "DHHS is constantly preventing the Plaintiff's employment. On September 26, 2013, the Equal Employment Opportunity Commission found that Dr. Belyakov was discriminated against based on age and retaliated against by DHHS during his previous search for employment." (ECF No. 4 ¶ 8). Plaintiff also alleges that, "[a]t the time of the events giving rise to this case [] Plaintiff was unemployed." (*Id.* ¶ 4).

Defendant Henry M. Jackson Foundation for the Advancement of Military Medicine, Inc. ("the Foundation") is a "private, non-profit organization [located in Bethesda, Maryland that is] dedicated to supporting medical research and education." (*Id.* ¶ 5; ECF No. 4-5). Plaintiff asserts that in 2012 the Foundation advertised the following position:

> HJF seeking a Senior Science Adviser — Mucosal Immunology to work at HJF-DAIDS, an operational division of the Henry M. Jackson Foundation (HJF), that provides scientific and operations support for the National Institute of Allergy and Infectious Diseases (NIAID), Division of Aids (DAIDS), located in Bethesda, Maryland. HJF provides scientific, technical and programmatic support services to DAIDS. The individual will provide support to the Vaccine Research Program (VRP) Vaccine Clinical Research Branch (VCRB).

(ECF Nos. 4 ¶ 11 and 4-2).   On December 17, 2012, Plaintiff
submitted an online job application to Defendant in response to
its advertisement for a Senior Science Adviser to support the
NIH.[2]  (ECF No. 4 ¶ 11).  Upon submission, Plaintiff received an
email confirmation from Defendant, stating, *inter alia*, "[y]our
online application has been successfully submitted" and "[w]e
will review your background to determine if your qualifications
are commensurate with the posting requirements." (ECF No. 4-4).
In February 2013, Defendant informed Plaintiff that he was not
selected for the position.  (ECF No. 1-1).

> ### B.   Procedural Background

On March 1, 2013, Plaintiff filed a charge of
discrimination with the EEOC, alleging retaliation and age
discrimination. (*Id.*).  Plaintiff's EEOC charge asserted that:

> In or about December 2012, I applied for a
> vacant, advertised position with
> [Defendant].   The position to which I
> applied was Senior Science Advisor.   On
> February 4, 2013, I received notice that I
> was not selected for the position.   I
> believe my denial of hire and non-selection
> was due to my age (52) and in retaliation to
> my filing of previous complaints and whistle
> blowing activities with my former employer,
> National Institutes of Health (NIH).   As a
> result of these previous actions, I believe
> I have been subjected to continuous
> retaliation regarding denial of any
> employment opportunities in which NIH is
> affiliated.

---

[2] NIAID is an institute of the NIH, and DAIDS is a division
of NIAID.

(*Id.*).    In   response   to   the   charge,   Defendant   submitted   a "position  statement"  to  the  EEOC  investigator,  asserting  that Plaintiff's  application  "was  received  so  late  in  the  recruitment process  that  it  was  never  even  seen  by  [the]  hiring  manager" prior  to  selection  of  the  successful  applicant  and  that,  in  any event,  the  hiring  manager  was  unaware  of  Plaintiff's  age, "having  never  met  him,"  and  "did  not  know  anything  about  [his] complaints  regarding  the  [NIH]  at  the  time  of  the  hiring decision – she didn't even know who [Plaintiff] was."  (ECF No. 4-5).    According  to  Plaintiff,  these  statements  are  belied  by the  confirmation  email  he  received  from  Defendant,  suggesting that  his  application  would  be  reviewed,  when,  in  fact,  he  "was passed  over  for  an  interview  because  of  illegal  discrimination and  retaliation."   (ECF  No.  4 ¶  18).    Plaintiff  cites,  at considerable  length,  his  qualifications  for  the  position  and compares  them  with  those  of  the  successful  candidate,  Dr.  Cesar Boggiano,  who  he  asserts  was  much  younger  than  himself  and unqualified for the position.  (*Id*. ¶¶ 20-22).  On September 20, 2013, the EEOC dismissed the charge and advised Plaintiff of his right to sue.  (ECF No. 4-1).

Plaintiff,  proceeding  *pro  se*,  commenced  this  employment discrimination  action  against  the  Foundation  in  this  court  on December  4,  2013.   (ECF  No.  1).    Along  with  the  complaint,  he filed  a  motion  for  leave  to  proceed  *in  forma  pauperis* (ECF  No.

2), which was granted on December 18, 2013.  (ECF No. 3).
Plaintiff filed an amended complaint on December 23.  (ECF No.
4).    In  his  amended  complaint,  Plaintiff  alleges  age
discrimination  in  violation  of  the  Age  Discrimination  in
Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA") and
retaliation in violation of Title VII of the Civil Rights Act of
1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

On February 4, 2014, Defendant filed a motion to dismiss
for  insufficient  service  of  process  pursuant  to  Fed.R.Civ.P.
12(b)(5), because Plaintiff failed to serve Defendant with his
operative  pleading,  the  amended  complaint.   (ECF No. 7).   The
court construed Defendant's motion as a motion to quash service,
and  granted  it.   (ECF No. 10).   Defendant  has  since  been
properly served.  (ECF No. 14).

Defendant filed the instant motion to dismiss for failure
to state a claim under Fed.R.Civ.P. 12(b)(6) on March 11, 2014.
(ECF No. 15).  The motion is fully briefed.  (ECF Nos. 18 and
19).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is
to test the sufficiency of the complaint.  *Presley v. City of
Charlottesville,*  464  F.3d  480,  483  (4th  Cir.  2006).    A
plaintiff's  complaint  need  only  satisfy  the  standard  of  Rule
8(a), which requires a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal,* 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints

6

that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Turner v. Kight,* 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd,* 121 F.App'x. 9 (4th Cir. 2005).

## III. Analysis

### A.   Age Discrimination (Count I)

Plaintiff has alleged that the Foundation discriminated against him by failing to hire him due to his age, and instead hiring someone much younger and less qualified, Dr. Cesar Boggiano. (ECF No. 4 ¶¶ 20-22).

The Age Discrimination in Employment Act ("ADEA") makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of [his] age." 29 U.S.C. § 623(a). To state a claim for a failure to hire under the ADEA, Plaintiff must allege that: (1) he was in the age group protected by the ADEA, (2) he was qualified for the job for which the employer was seeking applicants, (3) Plaintiff was rejected for the job despite being qualified, and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.,* 430 U.S. 133, 142 (2000). The ADEA's protections only apply to individuals at least forty (40) years of age, 29 U.S.C. § 631(a), and does not permit "a mixed-motives age discrimination claim." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S.

7

167, 175 (2009).   Instead, Plaintiff must "establish that age was the 'but-for' cause of the employer's adverse action." *Id.* at 177.   In the absence of any direct evidence of age discrimination, "the plaintiff in a failure-to-hire suit is generally required to show that the employer took adverse action against an applicant who was qualified for employment, 'under circumstances which give rise to an inference of unlawful discrimination.'" *Krpan v. Bd. of Educ. of Howard County*, No. ELH-12-2789, 2013 WL 4400475, at *11 (D.Md. Aug. 15, 2013) (quoting *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Defendant contends that Plaintiff's complaint does not allege facts showing that he was qualified for Senior Science Adviser position or providing a plausible inference that Plaintiff's rejection was due to age discrimination. Specifically, Defendant argues that Plaintiff has not alleged that he met the specific requirements for the position at issue, summarily alleging that he is "highly qualified," but failing to allege that he was proficient in Microsoft Office or knowledgeable about "Federal grant and contract laws, regulations and policies" all of which were required by the position.   (ECF No. 15-1, at 5-6).   In addition, Defendant argues that Plaintiff has not alleged facts showing that "but-for" his age, he would have been selected for the position.

8

Despite Plaintiff's allegation that he received an auto-reply response indicating that the Foundation would review his application, Defendant contends that he does not allege facts showing that the Foundation actually reviewed or even considered his application.  (ECF No. 15-1, at 6).

Plaintiff argues in response that the Foundation's statements that it never reviewed his application because it was a "late submission" is merely pretext.  When he submitted his application with the Foundation, Plaintiff contends that the application process was still open and that the Foundation was still reviewing applications, and screened him out due to his age rather than his "late submission."  (ECF No. 18, at 3).  Additionally, Plaintiff argues that his complaint "presented detailed evidence (five pages) why he is highly qualified[.]" (*Id.* at 5).

Taking Plaintiff's allegations as true, Plaintiff has sufficiently alleged a *prima facie* case of age discrimination.  Defendant does not challenge Plaintiff's allegations as to the first and third prongs of the *prima facie* case — that Plaintiff was in a protected age group and that he was rejected for the job despite being qualified.  Instead, Defendant challenges whether Plaintiff has sufficiently alleged that he was qualified as Senior Science Adviser, an argument that will be rejected.  Plaintiff has alleged that he was qualified for the position and

provided an extensive listing of his qualifications to support this assertion. Plaintiff's failure to allege that he was proficient in Microsoft Office or knowledgeable about the Federal grant and contract laws, does not undercut his broad allegation that he was qualified for Defendant's job posting, especially considering the crux of the requirements listed in Defendant's job posting related to scientific expertise and experience. (ECF No. 4-2). Moreover, the requirements that Plaintiff has supposedly failed to allege – proficiency with Microsoft Office and knowledge of Federal grants – could be inferred from the accomplishments listed in Plaintiff's application to Defendant, which is attached to the complaint. (ECF No. 4-3). Plaintiff need not technically plead compliance with each qualification in a job posting in order to broadly allege that he is qualified for the position.

In addition, Plaintiff's allegations that Defendant hired a much younger and less qualified scientist for the Senior Science Adviser position, are sufficient to raise a plausible inference that he was not hired due to his age. *See Agelli v. Sebelius*, No. 13-0497, 2014 WL 347630, at *4 (D.Md. Jan. 30, 2014) (noting that the fourth element of the *prima facie* case requires the plaintiff to show that he "was rejected for the position in favor of someone not a member of a protected group under circumstances giving rise to an inference of unlawful

discrimination"); *see also Nelson v. State Employees Credit Union of Maryland, Inc.,* No. RDB-12-3230, 2013 WL 3700984, at *5-6 (D.Md. July 12, 2013) (noting that the plaintiff had "satisfie[d] the fourth requirement because she alleges that [d]efendant [] hired a much younger, less experienced man to fill the new position"); *see also Tusing v. Des Moines Indep. Cmty. Sch. Dist.,* 639 F.3d 507, 515 (8th Cir. 2011) ("To establish a prima facie case of age discrimination based on a failure to hire, a plaintiff must prove . . . [as part of the fourth element that] the employer hired a younger person to fill the position."); see also *LeBlanc v. Hill School,* No. 14-1674, 2015 WL 144135 (E.D.Pa. Jan. 12, 2015) (noting that a plaintiff may "plausibly allege the fourth element" by "alleg[ing] that similarly situated employees who . . . were not members of the same protected class . . . were treated more favorably under similar circumstances") (internal quotation marks and citations omitted).  Plaintiff has alleged that Defendant hired a much younger (nearly twenty years younger) scientist outside of the protected class, who was a substantially less qualified scientist and had far less experience than himself. Specifically, Defendant alleges that Dr. Boggiano obtained his Ph.D. in 2003, while Plaintiff obtained his M.D. in 1983, twenty years earlier. (ECF No. 4, at 8-9). Plaintiff alleges that he has more publications, more accomplishments, and far more

leadership experience that Dr. Boggiano, all of which he alleges are important qualities for Senior Science Adviser to possess. (ECF No. 4 ¶¶ 21-22).   Defendant contends that it had a legitimate non-discriminatory reason for not hiring Plaintiff: due to Defendant's late submission it never saw Plaintiff's application, and therefore could not have discriminated against him due to his age.   At this stage in the proceedings, however, Plaintiff's allegations must be taken as true.   Plaintiff has alleged that he submitted his application while Defendant was still interviewing candidates and that there was no deadline attached to the application process, suggesting that Plaintiff's application was not "late" and Defendant was simply not selected for the position.   At summary judgment or trial, Defendant will have the opportunity to provide evidence to counter Plaintiff's allegations and support its argument that it had legitimate, non-discriminatory reasons for not hiring Plaintiff.

**B.   Retaliation (Count II)**

Plaintiff alleges that Defendant retaliated against him by not hiring him for a position that would ultimately support the NIH, due to EEOC complaints he filed against the NIH when he was previously employed there.   (ECF No. 4, at 12).

Title VII makes it unlawful for "an employer to discriminate against any of [its] employees . . . because he has opposed any practice made an unlawful practice by this

12

subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To allege a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in a protected activity, (2) an adverse employment action was taken against him, and (3) the protected activity was causally connected to the adverse action. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (*citing Beall v. Abbott Labs.*, 130 F.3d 614, 619 (4th Cir. 1997)).

Defendant contends that the retaliation claim should be dismissed because Plaintiff has not alleged facts showing that the Foundation had any knowledge of Plaintiff's previous EEOC complaints against the NIH. Accordingly, Defendant argues that he has not alleged a plausible "causal connection" between Plaintiff's previous protected activity at the NIH and Defendant's eventual refusal to hire him. (ECF No. 15-1, at 2).

In response, Plaintiff argues that:

> DHHS is constantly discriminating and retaliating against Plaintiff during his search for employment. [] [O]n September 25[,] 2013, the EEOC Judge David Norken found that Plaintiff was discriminated against based on age and retaliated against by the DHHS during his search for employment (EEOC NO. 531-2010-00415X).
>
> The Defendant provides scientific and operations support for the National

13

> Institute of Allergy and Infectious Diseases
> (NIAID), Division of AIDS (DAIDS), located
> in Bethesda, Maryland[.]   Obviously the
> Division of AIDS had a major contribution in
> the HJF's selection process, because the
> Selectee is going to support the DAIDS.   For
> [a] 10 year[] period, the Plaintiff []
> participated in [an] AIDS vaccine
> development program at the NIH.   *DAIDS had a
> very good knowledge about the Plaintiff's []
> complaint against the NIH.*   The DAIDS
> previously retaliated against the Plaintiff
> by preventing his previous DAIDS's job
> applications and preventing Plaintiff's
> participation in AIDS conferences.   Tak[ing]
> in[to] consideration the facts that the DHHS
> already discriminated and retaliated against
> the Plaintiff during his search for
> employment (EEOC No. 531-2010-00415X) and
> the DAIDS's previous knowledge about the
> Plaintiff's complaints against the DHHS, it
> is very likely that the DHHS had a major
> contribution in the HJF decision of the
> Plaintiff's non-selection for a Senior
> Science Advisor position.

(ECF No. 18, at 9-10) (emphasis added).

Taking Plaintiff's allegations as true, his retaliation
claim survives dismissal at this juncture.   Plaintiff's prior
EEOC complaints made against the NIH in 2004, 2006, and 2010
certainly constitute protected activity, and the failure to hire
a qualified applicant amounts to an adverse employment action
for purposes of a retaliation claim.   *See E.E.O.C. v. PBM
Graphics, Inc.*, 877 F.Supp.2d 334, 346 (M.D.N.C. June 28, 2012).
In addition, Plaintiff has alleged enough facts to establish a
plausible causal connection between his protected activity and
the Foundation's failure to hire him.   Although the NIH is a

14

separate employer, Plaintiff has alleged that DAIDS, a division of NIH, had a "significant contribution" and control over the Foundation's hiring process considering that the selectee would be supporting DAIDS.  Plaintiff has also alleged that persons at DAIDS had knowledge of his protected activities at DHHS, and that they had discriminated against him in the past by preventing him from applying to DAIDS and from participating in AIDS conferences.   Moreover, because Plaintiff's application indicates that he had worked at NIH previously, the Foundation would certainly be on notice that Plaintiff had a previous relationship with DHHS and might check with DHHS before hiring him.  While Plaintiff's EEOC complaints were submitted several years prior to him applying for the Foundation's position, which ordinarily would weaken the causal connection between the protected activity and the retaliation, Plaintiff's 2010 EEOC charge appears to have still been pending at the time he applied for the position with the Foundation, in as much as Judge Norken purportedly did not issue a decision until September 2013. Taking Plaintiff's allegations as true, it is plausible that the Foundation, either on its own accord or at the direction of the NIH, refused to consider Plaintiff's application due to his reputation for frequently filing EEOC complaints while working at NIH.[3]

---

[3]  In Plaintiff's amended complaint and in his opposition

**IV.  Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Henry M. Jackson Foundation will be denied.   A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge

---

(ECF Nos. 4, at 10 and 18, at 1), he requests that the court order discovery in this case pursuant to Fed.R.Civ.P. 56(f), which will be construed as a request to conduct discovery pursuant to Rule 56(d).  Because Plaintiff's case will not be dismissed and will proceed to the discovery phase, Plaintiff's request will be denied as moot.